UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                 Case No. 18-CR-20319
                  Honorable Thomas L. Ludington

AMONDO WADE JETER, JR.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING UNDER THE FIRST STEP ACT**

On August 27, 2018, Defendant Amondo Wade Jeter, Jr. pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846. ECF No. 16. On November 30, 2018, Defendant was sentenced to 140 months imprisonment. ECF No. 24. Defendant now moves *pro se* for resentencing under section 404 of the First Step Act of 2018, P.L. 115-391. ECF No. 25. Timely response and reply briefs have been filed. ECF Nos. 27, 28. For the reasons stated below, Defendant's motion will be denied.

**I.**

**A.**

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of cocaine base. The disparity between the penalties for distributing cocaine base and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of [cocaine base]." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). In 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111–220, 124

Stat. 2372, which narrowed the disparity between sentences for cocaine base offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of cocaine base. The FSA took effect on August 3, 2010. Among other things, the FSA reduced the statutory minimum sentences for cocaine base offenses by increasing the quantity of cocaine base necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* FSA § (2)(a).

On December 21, 2018, Congress passed the First Step Act of 2018 ("1SA"), P.L. 115-391. The law permitted the retroactive application of the FSA and the associated guideline ranges. Section 404 of the 1SA provides.

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

1SA, § 404.

**B.**

In reviewing motions brought pursuant to the 1SA, two questions must be asked. First, an initial determination must be made about whether the defendant is eligible for a sentence reduction. In order to be eligible, the defendant must have been sentenced for a "covered offense," as defined in the 1SA, prior to August 3, 2010 (the date of the enactment of the FSA). The defendant's circumstance must also not implicate one of the 1SA's limitations found in Section 404(c). This initial step is categorical and focused solely on the defendant's offense or conviction. If the defendant satisfies the initial step, the Court moves to the second question. The defendant's initial guideline range must be compared to the defendant's new guideline range as modified by the FSA. The § 3553 factors must be reviewed as well as any other relevant information to determine whether the defendant should receive a sentencing reduction.

**C.**

Defendant is not eligible for relief under the 1SA because he was not sentenced for a "covered offense." Under section 404(a), a federal offense is a "covered offense" only if it was committed before August 3, 2010. *See* 1SA, § 404. As indicated in the plea agreement, the underlying offense was committed between 2017 and 2018. ECF No. 16 at PageID.45. Accordingly, Defendant's offense is not a "covered offense" within the meaning of section 404(a). *See United States v. Ross*, 793 F. App'x 334 (5th Cir. 2020) ("Section 404 of the First Step Act does not apply because a covered offense must be committed before August 3, 2010, and [defendant] committed his § 841 offense on or about May 1, 2014."). Indeed, when Defendant was sentenced, sections 2 and 3 of the FSA were already in effect.

- 4 -

## II.

Accordingly, it is **ORDERED** that Defendant Amondo Wade Jeter, Jr.'s Motion for Resentencing Under the First Step Act, ECF No. 25, is **DENIED**.

Dated: November 6, 2020        s/Thomas L. Ludington
                               THOMAS L. LUDINGTON
                               United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Amondo Wade Jeter, Jr.** #56630-039, TERRE HAUTE U.S. PENITENTIARY, Inmate Mail/Parcels, P.O. BOX 33, TERRE HAUTE, IN 47808 by first class U.S. mail on November 6, 2020.

                               s/Kelly Winslow
                               KELLY WINSLOW, Case Manager